IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Case No.: 4:16-cv-00658-MW-CAS

LIBERTY MUTUAL INSURANCE COMPANY,

    Plaintiff/Counter-Defendant,

vs.

COMMERCIAL CONCRETE SYSTEMS, LLC,
(f/k/a Commercial Concrete Systems, Inc.);
COMMERCIAL SUPER FLAT, INC.; READY
BUILDING PRODUCTS, INC.; WWW
FINANCIAL SERVICES, L.L.C.; SHOUP
WILLIAMS INVESTMENTS, LLC; PETER
E. SHOUP; and ELIZABETH SHOUP,

    Defendants/Counter-Plaintiffs/
    Third-Party Plaintiffs,

vs.

W. DAVID JESTER and MEGAN S.
REYNOLDS,

    Third-Party Defendants.
_____/

**LIBERTY'S RESPONSE IN OPPOSITION TO AND/OR MOTION TO STRIKE DEFENDANTS/COUNTER-PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND TO EXTEND THE DISCOVERY <u>DEADLINE FOR PURPOSES OF COMPULSION</u>**

Plaintiff, LIBERTY MUTUAL INSURANCE COMPANY ("Liberty"), through counsel, and pursuant to Rule 37, Fed. R. Civ. P., and Local Rules 26.1(D)

and 41.1, N.D. Fla. Loc. R., files this response in opposition to and/or motion to strike ("Response") Defendants/Counter-Plaintiffs' Motion to Compel Discovery and to Extend the Discovery Deadline for Purposes of Compulsion ("Motion to Compel"). [ECF No. 122].

## I. INTRODUCTION

The Defendants, COMMERCIAL CONCRETE SYSTEMS, LLC, (f/k/a Commercial Concrete Systems, Inc.); COMMERCIAL SUPER FLAT, INC.; READY BUILDING PRODUCTS, INC.; WWW FINANCIAL SERVICES, L.L.C.; SHOUP WILLIAMS INVESTMENTS, LLC; PETER E. SHOUP; and ELIZABETH SHOUP (collectively, the "Defendants"), seek an extension of the discovery deadline to compel Liberty to produce documents responsive to their First Request for Production of Documents to Plaintiff. The Court should deny and/or strike the Defendants' Motion to Compel because it entirely fails to comply with the Local Rules of this Court, and is otherwise based on untrue, unsupported and conclusory allegations.

## II. MEMORANDUM OF LAW

Rule 26.1(D), N.D. Fla. Loc. R., requires a party who files a motion to compel to "frame the dispute clearly and, if feasible, must, for each discovery request at issue: (1) quote the discovery request verbatim; (2) quote each objection specifically directed to the discovery request; and (3) set out the reasons why the

discovery should be compelled."

Rule 41.1, N.D. Fla. Loc. R., provides that "[i]f a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken."

The Court should deny Defendants' Motion to Compel as it fails to comply with Rule 26.1(D). Specifically, although the Defendants' Motion to Compel sets forth the substance of their discovery requests, the Defendants entirely failed to specifically quote Liberty's objections and responses to such discovery requests, and otherwise failed to set out the reasons why discovery should be compelled. [ECF No. 122].

These deficiencies not only preclude Liberty's ability to substantively and appropriately respond, but the Defendants' failure to comply with Local Rule 26.1(D) is fatal to their motion and warrants the Court's denial and/or striking of their Motion to Compel in its entirety. *Thompson v. Windsor*, 2010 U.S. Dist. LEXIS 35421, *6-7, n. 6 (N.D. Fla. 2010) (noting party's failure to comply with then Local Rule 26.2, N.D. Fla. Loc. R., that required a motion to compel to quote verbatim each discovery request to which objection is taken, quote in full the opponent's specific objections, and state the reasons such objection should be overruled and the motion granted); *see also Deforest v. Johnny Chisholm Global*

*Events, LLC*, 2009 U.S. Dist. LEXIS 126206, *15-16 (N.D. Fla. 2009) (denying plaintiff's motion to compel based upon plaintiff's failure to comply with requirements of then Local Rule 26.2, N.D. Fla. Loc. R.); *Habersham Plantation Corp. v. Molyneux*, 2011 U.S. Dist. LEXIS 57357, *9-11 (denying and striking party's motion to compel based upon party's failure to comply with Local Rule 26.1, S.D. Fla. L.R., which similarly requires party to state verbatim the specific item to be compelled, the specific objections, the grounds assigned for the objection, and the reasons assigned as supporting the motion); *Jacobson v. Philip Morris USA, Inc.*, 2013 U.S. Dist. LEXIS 190371 (denying party's "procedurally flawed" motions to compel for failure to comply with Local Rule 26.1, S.D. Fla. L.R., which were based on conclusory and unsubstantiated arguments), *7- *Pena v. Drodriguez, LLC*, 2016 U.S. Dist. LEXIS 183485, *4 (S.D. Fla. 2016); *Zaken v. Kelley*, 2008 U.S. Dist. LEXIS 102264, *3-4 (M.D. Fla. 2008); *Daisy, Inc. v. Pollo Operations, Inc.*, 2015 U.S. Dist. LEXIS 75062, *4-6 (M.D. Fla. 2015); *S. Gardens Citrus Processing Corp. v. Richardson*, 2012 U.S. Dist. LEXIS 194591, *3-4 (M.D. Fla. 2012) .

Moreover, the Defendants' Motion to Compel is based on false and otherwise unsupported and conclusory assertions. For instance, the Defendants erroneously take issue with the fact that Liberty's production of documents "arrived in two rubber-banded bundles." [ECF No. 122, ¶ 7]. Liberty's counsel

4

discussed this very issue with Defendants' counsel, Joseph Davidow, on July 25, 2017, at which time Defendants' counsel specifically agreed to Liberty producing documents in a physical, hard-copy format rather than electronically. *See* Affidavit of Robert C. Graham, Jr. ("Affidavit"), ¶ 3, attached hereto and incorporated herein as **Exhibit "A."**

Similarly, the Defendants assert "Liberty claimed the nature of the requests obligated them to prepare a substantial privilege log," and that Liberty's production on July 26, 2017 did not contain a privilege log. [ECF No. 122, ¶¶ 5-7]. Such assertions are, yet again, untrue. Liberty's counsel corresponded with Defendants' counsel on several occasions regarding the production of documents and privilege log. Affidavit, ¶ 4. Defendants' counsel, Yasser Lakhlifi, specifically agreed to Liberty producing responsive documents first, and to be followed by Liberty's privilege log, in order to expedite the Defendants' receipt of documents. Affidavit, ¶ 4.

The Defendants' conclusory and otherwise unsupported assertions render the Defendants' Motion to Compel procedurally flawed. *See Jacobson*, 2013 U.S. Dist. LEXIS 190371. The Court should, thus, deny and/or strike the Defendants' Motion to Compel in its entirety.

It also bears noting that Liberty first learned of the Defendants' intent to file a motion to compel on July 28, 2017, upon receiving an email from Defendants'

5

counsel, Matthew Kelley, which stated, in part: "Pursuant to Local Rule 7.1(B), please be advised we intend on filing a Motion to Compel documents responsive to CCS's First Request for Production of Documents, and a Motion to Extend Discovery Deadlines for purposes of obtaining and reviewing documents through compulsion."  Affidavit, ¶ 5 and Tab 1 thereto.  Knowing this was wholly insufficient to constitute a good faith conference in accordance with Local Rule 7.1(B), N.D. Fla. Loc. R., Liberty's counsel independently and proactively followed up with the Defendants' counsel via telephone to confer. Affidavit, ¶ 6; *see Espinal v. Prof'l Recovery Servs.*, 2010 U.S. Dist. LEXIS 120621, *3 (M.D. Fla. 2010) ("one way communication does not comport with the Court's interpretation of the moving party's obligation to confer with the opposing counsel.").  In spite of Liberty's counsel explaining that a privilege log would be produced in accordance with the prior agreement of Defendants' counsel, Yasser Lakhlifi, as discussed above, the Defendants filed their Motion to Compel. Affidavit, ¶ 6.

Contrary to the Defendants' assertions, Liberty produced approximately 850 pages of documents on July 26, 2017 and served its privilege log on July 31, 2017, in accordance with the discovery deadline in this case and pursuant to previous communications with and agreement of Defendants' counsel. Simply put, the Defendants' have failed to comply with the Court's Local Rules and have wholly

failed to establish their right to the relief they seek.

## I. CONCLUSION

The Defendants' Motion to Compel is legally insufficient and otherwise based on false, unsupported, and conclusory assertions. Accordingly, because the Defendants have failed to comply with the Local Rules of the Court, the Court should deny and/or strike the Defendants' Motion to Compel and the relief they seek in the entirety, including the Defendants' request for attorneys' fees pursuant to Rule 37, Fed. R. Civ. P.

Respectfully submitted,

/s/ *Robert C. Graham, Jr.*
TY G. THOMPSON, ESQ.
Florida Bar No. 0585041
tthompson@mpdlegal.com
Secondary: hhowell@mpdlegal.com
ROBERT C. GRAHAM, JR., ESQ.
Florida Bar No. 105951
rgraham@mpdlegal.com
Secondary: sjames@mpdlegal.com
MILLS PASKERT DIVERS
100 N. Tampa St., Ste. 3700
Tampa, FL  33602
Telephone: (813) 229-3500
Facsimile: (813) 229-3502

*Counsel for Plaintiff/Counter-Defendant, Liberty Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of August, 2017, I furnished an electronic copy of the foregoing by e-mail on the parties listed below:

**Joseph Davidow, Esq.**
Willis & Davidow, L.L.C.
851 5th Ave. N., Ste. 301
Naples, FL  34105
Telephone: (239) 465-0531
jdavidow@willisdavidow.com

*Counsel for Defendants, Counter-Plaintiffs, Third-Party Plaintiffs, Commercial Concrete Systems, LLC, Commercial Super Flat, Inc., Ready Building Products, Inc., WWW Financial Services, L.L.C., Shoup Williams Investments, LLC, Peter E. Shoup, and Elizabeth Shoup*

                                                  */s/ Robert C. Graham, Jr.*
                                                  Attorney